SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus, Esq. (SBN 159825)
Samuel A. Josephs, Esq. (SBN 284035)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711

Attorneys for Defendant Beverly Brown

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT & EISENHOFER, P.A.,<br><br>               Plaintiff,<br><br>    v.<br><br>BEVERLY BROWN; RICHARD HARPOOTLIAN, P.A.; BIENERT, MILLER & KATZMAN, PLC; DOES 1 THROUGH 10.,<br><br>               Defendant. | CASE NO. 17-cv-05968-PSG-PJW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) AS TO BEVERLY BROWN; NOTICE OF JOINDER AND JOINDER IN DKT. NO. 32; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:     December 11, 2017<br>TIME:     1:30 p.m.<br>Courtroom:  6A |

**TO THIS HONORABLE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Monday, December 11, 2017, at 1:30 PM, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Philip S. Gutierrez, located at 350 West 1st Street, Los Angeles, California 90012, Defendant Beverly Brown shall, and hereby does, move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Grant &

---

NOTICE OF MOTION TO DISMISS AND JOINDER

Eisenhofer, P.A.'s first, second, fourth, fifth, and sixth claims against her, with prejudice. This motion is made following the conference of counsel, which took place pursuant to L.R. 7-3 on November 6, 2017.

Defendant Beverly Brown also joins the Motion to Dismiss filed on behalf of Defendants Bienert Miller & Katzman, PLC and Richard Harpootlian, P.A. pursuant to Rules 12(b)(6) and 9(b). *See* Dkt. No. 32.

This motion and joinder is based on this notice of motion and motion, the memorandum of points and authorities, all pleadings and files in this matter, all matters of which this Court may take judicial notice, and upon such other and further oral or documentary evidence as may be presented to this Court at or prior to the hearing on this motion.

Dated: November 13, 2017            Respectfully submitted,

                                    /s/ *Samuel A. Josephs*
                                    James W. Spertus
                                    Samuel A. Josephs
                                    Attorneys for Defendant Beverly Brown

# **TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ..................................................................................... 1

II. RELEVANT FACTS FROM THE FIRST AMENDED COMPLAINT ..... 2

III. ARGUMENT .............................................................................................. 4

    A. The FAC Should Be Dismissed With Prejudice ............................... 5

    B. California Law Applies to Plaintiff's Claims ................................... 5

    C. The California Litigation Privilege Bars Each of G&E's Claims Against Ms. Brown ............................................................... 6

    D. G&E May Not Allege Breach of Contract Against Its Former Client, Ms. Brown (Claim 1) ............................................................ 6

    E. G&E May Not Allege Intentional Interference with Contract Against a Party to that Contract (Claim 2) ........................................ 7

    F. G&E's Breach of Fiduciary Duty Claim Against Ms. Brown is Legally Untenable (Claim 5) ............................................................ 8

IV. CONCLUSION ........................................................................................ 10

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*ABF Capital Corp. v. Grove Properties Co.*,
126 Cal. App. 4th 204, 215 (2005)..................................................................5

*Action Apartment Ass'n v. City of Santa Monica*,
41 Cal. 4th 1232, 1241 (2007).........................................................................6

*Am. Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton*,
96 Cal. App. 4th 1017, 1032 (2002)................................................................9

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
7 Cal. 4th 503, 513 (1994)...............................................................................8

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696, 699 (9th Cir. 1990)...................................................................4

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
68 Cal.App.4th 445, 483 (1998)......................................................................9

*City of Hope Nat. Med. Ctr. v. Genentech, Inc.*,
43 Cal. 4th 375, 286 (2008).............................................................................9

*Compton v. Countrywide Fin. Corp.*,
761 F.3d 1046, 1054 (9th Cir. 2014)4

*Costco Wholesale Corp v. Liberty Mut. Ins. Co.*,
472 F. Supp. 2d 1183, 1198 (S.D. Cal. 2007).................................................5

*Fracasse v. Brent*,
6 Cal.3d 784, 790 (1972).............................................................................1, 7

*Frezza v. Google Inc.*,
No. 5:12-cv-00237-RMW, 2013 WL 1736788,
at *6-7 (N.D. Cal. Apr. 22, 2013)....................................................................5

*Gadda v. State Bar of Cal.*,
511 F.3d 933, 939 (9th Cir. 2007)...................................................................4

*Gage v. Atwater*,
136 Cal. 170, 172 (1902).................................................................................1

*Knievel v. ESPN*,
393 F.3d 1068, 1076 (9th Cir. 2005)...............................................................3

*Kwan v. SanMedica Int'l*,
854 F.3d 1088, 1096 (9th Cir. 2017)...............................................................4

*Marsh v. Burrell*,
805 F. Supp. 1493, 1496 (N.D. Cal. 1992).....................................................5

*Packaged Seafood Products Antitrust Litig.*,
242 F. Supp. 3d 1033, 1066 (N.D. Cal. 2017)................................................5

Spertus, Landes & Umhofer, LLP
1990 S. Bundy Dr., Suite 705
Los Angeles, CA 90025
Tel: 310-826-4700; Fax: 310-826-4711

ii.

NOTICE OF MOTION TO DISMISS AND JOINDER

*Pierce v. Lyman*,
  1 Cal. App. 4th 1093, 1101 (1991) ................................................................... 9

*Rasidescu v. Midland Credit Mgmt., Inc.*,
  496 F. Supp. 2d 1155, 1159 (S.D. Cal. 2007) ..................................................... 5

*United States ex rel. Brown v. Celgene*,
  2:10-cv-03165-RGK-SS. ..................................................................................... 1

*Wolf v. Superior Court*,
  107 Cal. App. 4th 25, 30 (2003) ......................................................................... 9

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ........................................................ 4, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, Plaintiff Grant & Eisenhofer, P.A. ("G&E"), sues its former client, Defendant Beverly Brown, for exercising her absolute right to terminate her relationship with her former counsel, G&E. As alleged in G&E's First Amended Complaint ("FAC"), Ms. Brown began her relationship with G&E through former G&E attorney, Reuben Guttman ("Guttman"), who, on Ms. Brown's behalf, filed a 2010 False Claims Act case in this District against Ms. Brown's employer, Celgene Corporation. *United States ex rel. Brown v. Celgene*, 2:10-cv-03165-RGK-SS. Guttman managed the *Celgene* case along with Ms. Brown's local counsel, Defendant Bienert, Miller, & Katzman, PLC ("BMK"). After Ms. Brown terminated her relationship with G&E, Guttman, who left G&E in 2015, continued to represent Ms. Brown in the Celgene matter along with BMK and Richard Harpootlian, P.A. ("Harpootlian"). Guttman, BMK and Harpootlian eventually settled the case for Ms. Brown for $280 million.

As the California Supreme Court explained, a client's right to decide who she wants to represent her, and who she deems most capable to lead the successful prosecution of her action, is unfettered:

> It has long been recognized in this state that the client's power to discharge an attorney, with or without cause, is absolute. In discussing the unique relationship between attorney and client, this court stated that "The interest of the client in the successful prosecution or defense of the action is superior to that of the attorney, and he has the right to employ such attorney as will in his opinion best subserve his interest. The relation between them is such that the client is justified in seeking to dissolve that relation whenever he ceases to have absolute confidence in either the integrity or the judgment or the capacity of the attorney. . . . The fact that the attorney has rendered valuable services under his employment, or that the client is indebted to him therefor, or for moneys advanced in the prosecution or defense of the action, does not deprive the client of this right."

*Fracasse v. Brent*, 6 Cal.3d 784, 790 (1972) (in bank) (quoting *Gage v. Atwater*, 136 Cal. 170, 172 (1902) (internal alterations omitted)).

1.

NOTICE OF MOTION TO DISMISS AND JOINDER

Despite this unqualified right, G&E alleges in the FAC that co-Defendants BMK and Harpootlian along with Guttman "conspired to induce Ms. Brown to breach her contract with G&E, and the object of the conspiracy is to perpetuate a fraud by claiming G&E's fees and costs as their own windfall recovery." FAC at p. 2, ll. 12-14. While the FAC sounds mainly in fraud, G&E brings causes of actions for (1) breach of contract, (2) intentional interference with contract, (3) quantum meruit, (4) conversion, (5) breach of fiduciary duty, and (6) declaratory relief. Ms. Brown brings this motion on her own behalf to dismiss claims 1-2 and 4-6 of the FAC. Ms. Brown joins in full the motion to dismiss filed on behalf of co-Defendants BMK and Harpootlian, and files this motion to raise additional defects in the FAC as to Ms. Brown individually.

## II. RELEVANT FACTS FROM THE FIRST AMENDED COMPLAINT

In their Motion to Dismiss, Ms. Brown's co-Defendants have done an excellent job summarizing the FAC and its allegations, and Ms. Brown joins that summary for purposes of this Motion. In the interests of efficiency, there are only a few allegations in the FAC worth highlighting with respect to Ms. Brown.

First, Ms. Brown signed a retainer agreement with G&E on October 26, 2009, under which G&E was to represent Ms. Brown on a contingency fee basis and advance the costs of litigation ("Fee Agreement"). FAC ¶¶ 5, 15. As alleged in the FAC, "[t]he value of the service provided by G&E were deemed to be G&E's awarded fees and costs, as well as 40% of any amount awarded to Ms. Brown as a relator." FAC ¶ 15. The FAC alleges that then-G&E Director Guttman, who drafted the Fee Agreement that Ms. Brown signed, knew that Ms. Brown was a resident of California and worked for Celgene in California. FAC ¶ 16. Guttman filed the *Celgene* matter in federal court in the Central District of California. FAC ¶ 17.

2.

NOTICE OF MOTION TO DISMISS AND JOINDER

Second, the Fee Agreement, which is the subject of G&E's breach of contract and intentional interference with contract claims (claims 1-2), is not attached to the FAC. However, its contents are alleged in the FAC, and it is referenced throughout. FAC ¶¶15, 37, 40, 42-43, 45-48, 51-55, 57, 62, 69, 80. It is attached as Exhibit A to the Declaration of Michael R. Williams ISO Co-Defendants' Motion to Dismiss ("Williams Dec."). *See* Dkt. Nos. 32-1 ¶ 2, 32-2. The Fee Agreement is properly before this Court on a motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (holding that the Court may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading" (internal alteration and quotation marks omitted)). The Fee Agreement contains no choice-of-law clause.

Third, Ms. Brown terminated her relationship with G&E on April 21, 2015. FAC ¶ 33. She also, through counsel, notified G&E on June 21, 2017, that she was exercising her statutory right under California Business and Professions Code section 6147(b) to void the voidable contingency agreement with G&E. *See* Dkt. Nos. 32-1 ¶ 3, 32-3. Like the Fee Agreement, the June 21, 2017, letter sent on Ms. Brown's behalf was not attached to the FAC, but it is referenced throughout and is properly before this Court on Ms. Brown's Motion to Dismiss. FAC at p. 2, ll. 15-17, ¶¶ 33, 43, 54.

The FAC alleges six causes of action, and while it is somewhat unclear from the face of the FAC, Ms. Brown proceeds as though all six are asserted against her. By this motion and Ms. Brown's Joinder in her co-Defendants' Motion to Dismiss, Ms. Brown moves to dismiss claims 1-2 and 4-6: the first claim for breach of contract, the second claim for intentional interference with contract, the fourth claim for conversion, the fifth claim for breach of fiduciary

3.

NOTICE OF MOTION TO DISMISS AND JOINDER

duty, and the sixth claim for declaratory relief. The only cause of action not subject to this motion is G&E's third cause of action for quantum meruit.

### III. ARGUMENT

In addition to the reasons set forth in Ms. Brown's co-Defendants' Motion to Dismiss, the pertinent FAC causes of action should be dismissed against Ms.Brown because: (1) G&E's breach of contract claim fails as a matter of law because a client's discharge of her lawyer does not constitute a breach of contract; (2) G&E cannot assert a claim for intentional interference with contract against Ms. Brown because she was a party to the Fee Agreement; and (3) G&E's breach of fiduciary duty claim fails because a client owes no fiducuiary duty to her lawyer and G&E has alleged no facts establishing that Ms. Brown owed G&E a fiduciary duty.

#### A. The FAC Should Be Dismissed With Prejudice

"In order to survive a rule 12(b)(6) motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (internal quotation marks omitted). A Rule 12(b)(6) dismissal may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Labels and conclusions or a formulaic recitation of the elements of a cause of action do not suffice." *Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046, 1054 (9th Cir. 2014) (internal alterations and quotation marks omitted). The court properly dismisses Plaintiff's claims with prejudice and without leave to amend where amendment would be futile. *Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007).

4.

NOTICE OF MOTION TO DISMISS AND JOINDER

### B. California Law Applies to Plaintiff's Claims

As an initial matter, while Ms. Brown joins her co-Defendants' discussion of the choice-of-law analysis, this Court need not engage in a lengthy choice-of-law analysis to determine that California law applies here.[1]

"A federal court sitting in diversity applies the forum state's choice of law rules." Where, as here, there is no contractual choice-of-law provision, and California is the forum state, California applies the governmental interest analysis. *ABF Capital Corp. v. Grove Properties Co.*, 126 Cal. App. 4th 204, 215 (2005). "This choice of law analysis carries a presumption that California law applies and that the proponent of the foreign state law bears the burden of showing a compelling reason justifying displacement of California law." *Rasidescu v. Midland Credit Mgmt., Inc.*, 496 F. Supp. 2d 1155, 1159 (S.D. Cal. 2007) (citing *Marsh v. Burrell*, 805 F. Supp. 1493, 1496 (N.D. Cal. 1992)); *see also Costco Wholesale Corp v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1198 (S.D. Cal. 2007) ("The party advocating for the application of foreign law carries the burden of proof."); *ABF Capital Corp.*, 126 Cal. App. 4th at 215 ("Generally speaking the forum will apply its own rule of decision unless a party litigant timely invokes the law of a foreign state. In such event that party must demonstrate that the latter

---

[1] Based on the parties' Rule 7-3 conference, Plaintiff is likely to argue that a choice-of-law analysis is inappropriate on a motion to dismiss. This is not correct. To the extent courts decline to engage in a choice-of-law analysis in connection with a motion to dismiss, they do so in complex class action cases where it is necessary to engage in discovery to determine whether material differences between two state laws matter in a given case. *See Frezza v. Google Inc.*, No. 5:12-cv-00237-RMW, 2013 WL 1736788, at *6-7 (N.D. Cal. Apr. 22, 2013) (collecting cases). However, it is entirely appropriate to decide a fairly straightforward choice-of-law question in connection with G&E's claims here, which are based on its representation of a California resident who worked in California, on behalf of whom G&E brought claims in the Central District of California. *See In re Packaged Seafood Products Antitrust Litig.*, 242 F. Supp. 3d 1033, 1066 (N.D. Cal. 2017) ("As long as a court has sufficient information to thoroughly analyze the choice-of-law issue, and discovery will not likely affect the analysis, it is appropriate for a Court to undertake [a] choice-of-law analysis at the motion to dismiss stage.").

5.

NOTICE OF MOTION TO DISMISS AND JOINDER

rule of decision will further the interest of the foreign state and therefore that it is an appropriate one for the forum to apply to the case before it." (internal alterations and quotation marks omitted)).

G&E has not timely invoked the law of any state other than California. Indeed, the FAC alleges that then-G&E Director Guttman, who drafted the Fee Agreement that Ms. Brown signed, knew that Ms. Brown was a resident of California and worked for Celgene in California. FAC ¶ 16. Accordigly, Guttman, on G&E's behalf, filed the *Celgene* matter in federal court in the Central District of California. FAC ¶ 17. G&E bears the burden of showing a compelling reason to justify the application of any law to this case other than California, and it cannot do so here on these facts.

### C. The California Litigation Privilege Bars Each of G&E's Claims Against Ms. Brown

Ms. Brown joins all of her co-Defendants' arguments, including those with respect to the California litigation privilege, which by its nature applies to litigants like Ms. Brown. *See Action Apartment Ass'n v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (2007). As discussed in her co-Defendants' Motion to Dismiss, each of G&E's claims are barred by the litigation privilege.

### D. G&E May Not Allege Breach of Contract Against Its Former Client, Ms. Brown (Claim 1)

In addition to those reasons stated in her co-Defendants' Motion to Dismiss, G&E's first cause of action for breach of contract must be dismissed against Ms. Brown because a client has an absolute right to terminate her contract with her attorney at will, and such discharge does not constitute breach of contract.

In its first cause of action, G&E alleges that Ms. Brown entered into a valid contract to pay G&E for its reasonable attorneys' fees and costs, as well as 40% of Ms. Brown's recovery in the *Celgene* matter. FAC ¶ 45. G&E alleges that it

performed under the Fee Agreement, incurred over $7 million in fees and costs, and that Ms. Brown has refused to pay G&E any money owed under the Fee Agreement. G&E alleges Ms. Brown breached their contract as a result.

It is black letter law that a client has the right to discharge her attorney at any time with or without cause. *Fracasse*, 6 Cal. 3d at 790. As a result, "[s]uch a discharge does not constitute a breach of contract for the reason that it is a basic term of the contract, implied by law into it by reasons of the special relationship between the contacting parties [lawyer and client], that the client may terminate that contract at will." *Id.* at 791. As the California Supreme Court recognized, "[i]t would be anomalous and unjust to hold the client liable in damages for exercising that basic implied right." *Id.*

*Fracasse* is squarely on point with this case. *Fracasse* involved an attorney who sued his former client after the client discharged the attorney and retained different counsel. *Id.* at 786. The attorney and client, like here, had entered into a written contingent fee agreement, and the client discharged the attorney prior to her recovery. *Id.* The attorney sued the client for declaratory relief, alleging that his former client breached their contract. *Id.* at 787. The California Supreme Court held that in such circumstances there is no breach of contract claim against the former client and that the attorney should be limited to a quantum meruit recovery for the reasonable value of his services rendered to the time of discharge. *Id.* at 792. Because G&E's breach of contract claim does not constitute a cognizable legal theory against its former client, Ms. Brown, the Court should dismiss G&E's first claim.

### E. G&E May Not Allege Intentional Interference with Contract Against a Party to that Contract (Claim 2)

In addition to those reasons advanced by her co-Defendants, G&E's second claim for intentional interference with contract should also be dismissed against

7.

NOTICE OF MOTION TO DISMISS AND JOINDER

1  Ms. Brown because a cause of action for intentional interference with contract
2  may not be asserted against a party to that contract.

3      As G&E alleges in the FAC, Ms. Brown was a party to the Fee Agreement
4  with G&E, which was executed in October 2009.  FAC ¶15.  But Ms. Brown
5  cannot be found liable for interfering with her own contract.  "California
6  recognizes a cause of action against *noncontracting parties* who interfere with the
7  performance of a contract.  It has long been held that a *stranger to a contract* may
8  be liable in tort for intentionally interfering with the performance of the contract."
9  *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 513 (1994) (in
10  bank) (emphasis in original).  That is, "the tort cause of action for interference
11  with contract does not lie against a party to the contract."  *Id.* at 514.

12      Nor does it matter that G&E appears to have alleged interference against
13  Ms. Brown via conspiracy liability.  FAC ¶ 55.  Since a contracting party owes no
14  general tort duty to another not to interfere with performance of the contract, she
15  cannot be alleged to have interfered with the contract's performance through
16  conspiracy liability.  *Applied Equip. Corp.*, 7 Cal. 4th at 514 ("Because a party to
17  a contract owes no tort duty to refrain from interference with its performance, he
18  or she cannot be bootstrapped into tort liability by the pejorative plea of
19  conspiracy.").  The Court should dismiss G&E's second claim for relief against
20  Ms. Brown.

21      **F.    G&E's Breach of Fiduciary Duty Claim Against Ms. Brown is
22      Legally Untenable  (Claim 5)**

23      Finally, G&E's breach of fiduciary duty claim against Ms. Brown should
24  also be dismissed because Ms. Brown owed no fiduciary duty to her prior counsel,
25  G&E.

26      A cause of action for breach of fiduciary duty requires: (1) the existence of
27  a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by

28

8.

that breach. *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal.App.4th 445, 483 (1998). "The absence of any one of these elements is fatal to the cause of action." *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991).

Ms. Brown can find no case establishing that a client owes a fiduciary duty to her lawyer, though there are numerous cases holding that the converse is true. *See, e.g.*, *Am. Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton*, 96 Cal. App. 4th 1017, 1032 (2002) ("It is well established that an attorney's duties to his client are governed by the Rules of Professional Conduct, and that those rules, together with statutes and general principles relating to other fiduciary relationships, help define the duty component of the fiduciary duty which an attorney owes to his client." (internal quotation marks omitted)). This is because a client does not undertake to act for the benefit of the lawyer; it is the lawyer who undertakes to so act for his client. Indeed, "[b]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *City of Hope Nat. Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 286 (2008) (internal quotation marks omitted). Traditional examples of individuals charged with fiduciary duties are trustees to beneficiaries, directors and majority shareholders of a corporation, business partners, joint adventurers, and an agent to a principal. *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 30 (2003). "Inherent in each of these relationships is the duty of undivided loyalty the fiduciary owes to its beneficiary, imposing on the fiduciary obligations far more stringent than those required of ordinary contractors." *Id.*

Nor does the existence of a contingent fee agreement somehow impose on the client a fiduciary duty to her lawyer. "[T]he contractual right to contingent compensation in the control of another has never, by itself, been sufficient to

9.

NOTICE OF MOTION TO DISMISS AND JOINDER

create a fiduciary relationship where one would not otherwise exist." *Id.* at 30-31 (citing cases).

In the FAC, G&E alleges that "[a]s G&E's former client, Defendant Brown owes a fiduciary duty to GE with respect to the portion of *Celgene* settlement proceeds and court-awarded fees and costs to which G&E is entitled." FAC ¶ 70. There is no basis in the law to impose fiduciary obligations on G&E's former client, Ms. Brown, G&E alleges no other facts establishing that Ms. Brown undertook to act on G&E's behalf or for its benefit. Because Ms. Brown owed no fiduciary duty to G&E, the fifth claim should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, and those advanced by Ms. Brown's co-Defendants, Ms. Brown respectfully requests that the Court dismiss G&E's claims for breach of contract (claim 1), intentional interference with contract (claim 2), conversion (claim 4), breach of fiduciary duty (claim 5), and declaratory relief (claim 6) because each fails to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  November 13, 2017            Respectfully submitted,

/s/ *Samuel A. Josephs*
James W. Spertus
Samuel A. Josephs
Attorneys for Defendant Beverly Brown

10.

NOTICE OF MOTION TO DISMISS AND JOINDER

## CERTIFICATE OF SERVICE

I, Samuel Josephs, an employee of Spertus, Landes & Umhofer, LLP located at 1990 S. Bundy Drive, Suite 705 Los Angeles, CA 90025, declare under penalty of perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On November 13, 2017, I served the forgoing documents, described as

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) AS TO BEVERLY BROWN; NOTICE OF JOINDER AND JOINDER IN DKT. NO. 32; MEMORANDUM OF POINTS AND AUTHORITIES**

on all interested parties as follows:

[ ] **BY MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X] **BY E-MAIL:** I caused a copy to be transmitted electronically by filing the foregoing with the clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

[ ] **BY PERSONAL SERVICE:** I personally delivered the document listed above to the persons at the address set forth below. I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 13, 2017, at Los Angeles, California.

/s/ *Samuel A. Josephs*
Samuel Josephs

CERTIFICATE OF SERVICE