SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus, Esq. (SBN 159825)
Samuel A. Josephs, Esq. (SBN 284035)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711

Attorneys for Defendant Beverly Brown

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT & EISENHOFER, P.A.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BEVERLY BROWN; RICHARD HARPOOTLIAN, P.A.; BIENERT, MILLER & KATZMAN, PLC; DOES 1 THROUGH 10.,<br><br>　　　　　　　Defendant. | CASE NO.  17-cv-05968-PSG-PJW<br><br>**DEFENDANT BEVERLY BROWN'S NOTICE OF JOINDER AND JOINDER IN SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT FILED BY DEFENDANTS RICHARD HARPOOTLIAN, P.A. AND BIENERT, MILLER & KATZMAN, PLC (DKT. NO. 28)**<br><br>Date:　　　　December 11, 2017<br>Time:　　　　1:30 p.m.<br>Courtroom:　6A |

**TO THIS HONORABLE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Monday, December 11, 2017, at 1:30 PM, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Philip S. Gutierrez, located at 350 West 1st Street, Los Angeles, California 90012, Defendant Beverly Brown shall, and hereby does, join the Notice of Motion and Special Motion to Strike Plaintiff's First Amended Complaint filed on behalf of Defendants Bienert Miller & Katzman, PLC ("BMK") and Richard Harpootlian, P.A. ("Harpootlian") pursuant to California Code of Civil Procedure section 425.16, the California state "anti-SLAPP" statute.[1]  *See* Dkt. No. 28.

This action concerns Ms. Brown's fundamental right to the counsel of her choosing. In 2009, Ms. Brown retained Reuben Guttman and his then-law firm, Plaintiff G&E, to represent her in connection with a False Claims Act action against her former employer Celgene Corporation. Guttman filed the action in this District. *United States ex rel. Brown v. Celgene*, 2:10-cv-03165-RGK-SS. Guttman left G&E in April 2015 and Ms. Brown followed him to his new firm. On May 15, 2015, the court granted G&E's motion to withdraw as Ms. Brown's counsel in the *Celgene* case. Along with co-counsel BMK and Harpootlian, Guttman settled the *Celgene* case for Ms. Brown for $280 million.

---

[1] BMK's and Harpootlian's Special Motion to Strike is against claims two, four, five, and six, of Plaintiff Graint & Eisenhofer, P.A.'s ("G&E") First Amended Complaint ("FAC"). G&E also asserted a breach of contract claim (claim 1) against Ms. Brown, however, and that cause of action should be stricken as to Ms. Brown for the same reasons as those set forth in her co-Defendants' motion. *See Midland Pac. Bldg. Corp. v. King*, 157 Cal. App. 4th 264, 272 (2007) ("Conduct alleged to constitute a breach of contract may also come within constitutionally protected speech or petitioning. The focus of the statute is not the form of plaintiff's cause of action, but the defendant's activity that gives rise to the asserted liability." (internal citations omitted)). Ms. Brown therefore specially moves to strike claims one, two, four, five, and six asserted against her in the FAC.

1.

NOTICE OF JOINDER AND JOINDER

G&E now sues Ms. Brown and her counsel, asserting a number of legally invalid claims directed at Ms. Brown's decision to exercise her right to retain counsel other than G&E. Ms. Brown joins her co-Defendants' Speical Motion to Strike pursuant to California's anti-SLAPP statute because G&E's allegations go to the heart of the attorney-client relationship, and are directed towards the communications between Ms. Brown and her attorneys.

For the Court's consideration of Ms. Brown's request to strike claims one, two, four, five, and six of G&E's FAC pursuant to California Code of Civil Procedure section 425.16, Ms. Brown highlights the following facts taken from the pleadings.

First, Ms. Brown signed a retainer agreement with G&E on October 26, 2009, under which G&E was to represent Ms. Brown on a contingency fee basis and advance the costs of litigation ("Fee Agreement"). FAC ¶¶ 5, 15. As alleged in the FAC, "[t]he value of the service provided by G&E were deemed to be G&E's awarded fees and costs, as well as 40% of any amount awarded to Ms. Brown as a relator." FAC ¶ 15.

Second, Ms. Brown terminated her relationship with G&E on April 21, 2015, when Guttman left G&E. FAC ¶ 33. She also, through counsel, notified G&E on June 21, 2017, that she was exercising her statutory right under California Business and Professions Code section 6147(b) to void the voidable contingency agreement with G&E.

Ms. Brown respectfully requests that the Court strike G&E's claims for breach of contract (claim 1), intentional interference with contract (claim 2), conversion (claim 4), breach of fiduciary duty (claim 5), and declaratory relief (claim 6) pursuant to California Code of Civil Procedure section 425.16. Ms.

2.

NOTICE OF JOINDER AND JOINDER

Brown will seek attorneys' fees and costs by separate motion if the Court grants the anti-SLAPP motion. Cal. Civ. P. Code § 425.16(c)(1).

Dated: November 13, 2017            Respectfully submitted,

*/s/ Samuel A. Josephs*
James W. Spertus
Samuel A. Josephs
Attorneys for Defendant Beverly Brown

3.
NOTICE OF JOINDER AND JOINDER

# CERTIFICATE OF SERVICE

I, Samuel Josephs, an employee of Spertus, Landes & Umhofer, LLP located at 1990 S. Bundy Drive, Suite 705 Los Angeles, CA 90025, declare under penalty of perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On November 13, 2017, I served the forgoing documents, described as **DEFENDANT BEVERLY BROWN'S NOTICE OF JOINDER AND JOINDER IN SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT FILED BY DEFENDANTS RICHARD HARPOOTLIAN, P.A. AND BIENERT, MILLER & KATZMAN, PLC (DKT. NO. 28)**

on all interested parties as follows:

[ ] **BY MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X] **BY E-MAIL:** I caused a copy to be transmitted electronically by filing the foregoing with the clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

[ ] **BY PERSONAL SERVICE:** I personally delivered the document listed above to the persons at the address set forth below. I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 13, 2017, at Los Angeles, California.

/s/ Samuel A. Josephs
Samuel Josephs

CERTIFICATE OF SERVICE